UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIM BASS HOLDEN,<br><br>     *Petitioner*,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>     *Respondents.* | Case No. 2:14-cv-00894-APG-PAL<br><br>**ORDER** |

  This habeas action by a Nevada state inmate comes before the Court on petitioner's application (Doc. #1) to proceed *in forma pauperis* and motion (Doc. #2) for appointment of counsel, as well as for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

### *Pauper Application*

  The pauper application is incomplete and will be denied without prejudice. Petitioner did not attach the financial documents required for an inmate to demonstrate pauper status in federal court. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a petitioner must attach with the pauper application both an inmate account statement for the past six months and a properly executed financial certificate on the required form. Petitioner has not filed an inmate account statement, and the financial certificate that he filed is a state court certificate rather than the certificate required in this Court. The state court certificate does not include the information required by the federal certificate.

  The defects in the pauper application must be corrected before the action will proceed forward. However, as discussed further below, the Court finds that a provisional grant of the motion for appointment of counsel is in the interests of justice, assuming financial eligibility.

However, petitioner still must timely: (a) pay the filing fee or submit a proper pauper application; and (b) even if he pays the fee, submit sufficient financial materials – including a current inmate account statement – confirming his financial eligibility for appointment of counsel. If he fails to timely pay the filing fee or submit a proper pauper application, the action will be dismissed without further advance notice. If he fails to confirm his financial eligibility, the provisional appointment of counsel will not be confirmed.

With these qualifications, the Court turns to the motion for appointment of counsel.

### *Motion for Appointment of Counsel*

The Court finds that appointment of counsel is in the interests of justice, considering, *inter alia*: (a) the lengthy sentence structure, which includes two consecutive sentences of life without the possibility of parole on a conviction for first-degree murder with the use of a deadly weapon, along with sentences on other charges; (b) the number and complexity of the potential procedural and substantive issues, including in connection with the current pendency of an appeal on a represented second state post-conviction petition; and (c) the possibility that petitioner may have substantial time remaining within the federal limitation period for federal habeas counsel to assert claims without relation back concerns prior to seeking other relief herein.[1]

The motion therefore will be provisionally granted, subject both to timely satisfaction of the filing fee requirement and confirmation of petitioner's financial eligibility for appointment of counsel.

---

[1] As noted further, *infra*, the Court makes no conclusive determination as to the status of the federal limitation period. Petitioner at all times remains responsible for calculating the running of the limitation period and timely asserting claims.

In filing an amended petition, counsel should note that the State is not a proper respondent and that petitioner has not named his physical custodian as a respondent. Counsel may wish to consider correcting this deficiency within the limitation period also in a counseled amended petition.

Moreover, the Court makes no implied holding herein that conclusory assertion of claims in the *pro se* original petition provide a viable basis for relation back as to claims filed after the expiration of the federal limitation period. The Court generally does not permit petitioners, including *pro se* petitioners, to "allege" claims by blanket incorporation of state court filings as opposed to by the assertion of specific allegations within the four corners of the federal petition.

Petitioner, again, at all times remains responsible for calculating the running of the limitation period and timely – and effectively – asserting claims.

-2-

**IT THEREFORE IS ORDERED** that the application (Doc. #1) to proceed *in forma pauperis* is DENIED without prejudice. Petitioner shall have **thirty (30) days** within which to either pay the $5.00 filing fee or submit a properly-completed pauper application. This action will be dismissed without further advance notice if he fails to do so.

**IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition.

**IT FURTHER IS ORDERED** that the motion (Doc. #2) for appointment of counsel is provisionally GRANTED as per the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to petitioner, within **thirty (30) days** of entry of this order: (a) satisfying the filing fee requirement, as directed above; and (b) if a properly-completed pauper application is not filed, filing a current inmate account statement confirming his financial eligibility under 18 U.S.C. § 3006A.

**IT FURTHER IS ORDERED** that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the potential issues presented, for approximately ninety (90) days from entry of the formal order of appointment, subject then to the represented petitioner's ability to seek such extension as petitioner believes to be advisable.[2] Any deadline established and/or any extension thereof will not signify any implied finding by the Court of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition

---

[2]Nothing herein precludes petitioner from following a "two-step" procedure of filing a first amended petition within the limitation period with claims known at that time while seeking leave to file a second amended petition by a date certain to allow full completion of federal habeas counsel's investigation of the matter. *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, #29 (D. Nev. May 29, 2014) (expressly approving and explaining the Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation).

and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT FURTHER IS ORDERED**, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of this Court.

**IT FURTHER IS ORDERED** that counsel additionally shall send a hard copy of all state court record and related exhibits that are filed to, for this case, the **Reno Clerk's Office**.

The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along with a copy of the papers that he submitted), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED: June 27, 2014.

_____
ANDREW P. GORDON
United States District Judge

-4-