UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIM BASS HOLDEN,

          Petitioner,

vs.

STATE OF NEVADA, *et al.,*

          Respondents.

Case No. 2:14-cv-00894-APG-PAL

**ORDER**

      Following upon the notice of conflict (Dkt. #9) by the Federal Public Defender, the Court is appointing a panel attorney as counsel for petitioner. The filing fee has been paid, and petitioner has sufficiently demonstrated his financial eligibility for appointment of counsel.

      Petitioner's counsel should note that, following upon the discussion in the prior order (Dkt. #6), the initial October 30, 2014, deadline herein affords petitioner an opportunity potentially to timely assert any known claims prior to the expiration of the federal limitation period. If counsel wishes to thereafter investigate the matter further to consider presentation of additional claims, petitioner can move at the time of the filing of the first amended petition for an extension of time to further amend the petition and/or to seek other appropriate relief.

      That said, as also reflected in the prior order, any deadline established herein, including the October 30, 2014, deadline, and/or any extension thereof will not signify any implied finding as to either the specific date on which the federal limitation period expires, which is not necessarily exactly the same date, and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating all limitation periods and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no

finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

Petitioner's counsel further should note that the Court is seeking uniformity in procedural practice as between cases where the Federal Public Defender is appointed and those where a panel attorney is appointed. In particular, the Federal Public Defender files copies of, *inter alia*, the relevant state court record materials along with the amended petition, together with a separate index of exhibits. See, e.g., No. 3:13-cv-00309-MMD-WGC, Dkt. ## 14-23. The Court's preference is that the panel attorneys file the indexed state court record materials in substantially the same manner as does the Federal Public Defender in terms of, e.g., identifying which exhibits are filed within which electronic docketing attachments. The Court understands that a private firm practitioner potentially may not have the same resources. However, it would appear that available scanning and imaging technology should tend to level the playing field somewhat with regard to what is feasible also for a private firm practitioner. The Court is seeking to be able to perform initial screening and case management in the same manner, and with access to substantially the same materials in substantially the same format, in cases with panel attorneys as in cases with the Federal Public Defender. **In this case, however, given the expedited initial deadline, petitioner's counsel can defer the filing of such exhibits to any extended deadline established for the possible assertion of further claims.**[1]

**IT THEREFORE IS ORDERED** that the Clerk of Court shall terminate the provisional appointment of the Federal Public Defender.

**IT FURTHER IS ORDERED** that Jeffrey S. Blanck, Esq., 485 W. Fifth Street, Reno, NV 89503, 775-324-6640, a Criminal Justice Act panel attorney in this District, is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Appointed counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. See also Ninth Circuit Rule 4-1 (regarding counsel's duties following a decision on appeal, which are applicable to federal habeas appointments).

---

[1] Following upon counsel's staff's e-mail to the CJA Coordinator regarding the Court obtaining the state court record, the Court trusts that the Federal Public Defender will forward any state court record and other material in hand to counsel promptly if he so requests. Counsel, not this Court, secures and files the necessary material.

**IT FURTHER IS ORDERED** that petitioner shall have until **October 30, 2014,** within which to file a counseled amended petition and/or seek other appropriate relief, with any amended petition being verified as required by 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases. Counsel should note that no action or inaction by this Court tolls the running of the federal limitation period. It is petitioner's responsibility – regardless of any deadline established herein or extension thereof – to properly calculate the running of the federal limitation period and timely present claims. Counsel should review the prior order (Dkt. #6) in full at his earliest convenience.

**IT FURTHER IS ORDERED** that petitioner also shall file a separately indexed set of exhibits containing the state court record materials and any other documentary materials submitted relevant to the claims and issues raised by the amended petition. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in substantially the same manner as in No. 3:13-cv-00309-MMD-WGC, Dkt. ## 14-23. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments. **Such exhibits shall be filed with the initial counseled amended petition unless petitioner seeks additional time to potentially file an amended petition with additional claims. In that event, the exhibits shall be filed by the later deadline set by the Court.**

IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the **Reno Clerk's Office**.

The Court will review any further filings by petitioner and the status of the matter prior to ordering a response by respondents.

The Clerk shall regenerate notices of electronic filing for all prior filings for Mr. Blanck along with this order.

The Clerk further shall SEND a copy of this order to the CJA Coordinator.

DATED: 8/26/14

ANDREW P. GORDON
United States District Judge

-3-