JEFFREY S. BLANCK, ESQ.
Nevada State Bar # 3913
485 West Fifth Street
Reno, Nevada 89503
(775) 324-6640
(775) 323-5944 fax
email: jblanck@jeffreyblancklaw.com
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIM BASS HOLDEN,                              **Case No.: 2:14-cv-00894-APG-PAL**

           Plaintiff,                       **MOTION FOR STAY AND**
                                              **ABEYANCE**
v.

RENEE BAKER, Warden, ELY STATE
PRISON; and ATTORNEY GENERAL OF
THE STATE OF NEVADA,

           Respondents.
_____/

      Petitioner, JIM BASS HOLDEN ("Holden"), by and through his appointed CJA

counsel of record, JEFFREY S. BLANCK ("CJA Counsel"), files this Motion for Stay and

Abeyance in the instant federal proceeding and the First Amended Petition for Writ of

Habeas Corpus concurrently filed herewith ("Federal Writ") pending the complete

exhaustion of remedies and claims in the state courts of Nevada.

      This motion is made and based on the attached Memorandum of Points and

Authorities and the entire file herein.


Dated: _____, 2014              _____s/_____
                                          JEFFREY S. BLANCK, ESQ.,
                                          Attorney for Petitioner

MEMORANDUM OF POINTS & AUTHORITIES

I.

PROCEDURAL BACKGROUND

1.      On June 16, 2006, the clerk of the Eighth Judicial District Court of Clark County, Nevada entered a Judgment of Conviction in the case entitled, <u>State of Nevada vs. Jim Bass Holden #2515224</u>, Case No. 04C200945 (Exhibit 1 to Federal Writ).

2.      After his jury trial, Holden was found guilty of: Count I, Burglary While in Possession of a Firearm; Count II, Conspiracy to Commit Murder; Count III, Extortionate Collection of Debt; and Count IV, Murder With use of a Deadly Weapon.

3.      At Holden's sentencing hearing, the Court sentenced Holden as follows: Count I, 24-120 months; Count II, 24-120 months and Count II to run concurrent with Count I; Count III, 12-24 months and to run concurrent with Counts I and II; and Count IV, life w/o and an equal and consecutive life w/o which is concurrent with Counts I, II, and III; the sentence in Count IV is to run consecutive to the sentences in Case C202943 and Case 214716.  Holden is currently serving out his sentence at Ely State Prison.

4.      Holden's Notice of Appeal and Case Appeal Statement was filed on July 14, 2006.  The Nevada Supreme Court docketed this appeal as Case No. 47698 (Exhibit 15 to Federal Writ).

5.      The Nevada Supreme Court filed its Order of Affirmance on October 17, 2007 (Exhibit 17 of Federal Writ) and Remittitur issued on November 13, 2007.

6.      Holden, pro se, filed a Petition for Writ of Habeas Corpus (Post Conviction) in the 8th Judicial District Court on August 23, 2008.  On November 25, 2008, the court appointed counsel for Holden, Karen Connolly ("Appointed Counsel").  In 2009, the parties filed various stipulations to extend the briefing schedule.  On April 9, 2010, Appointed Counsel filed Petitioner Holden's Supplement to Post-Conviction Petition for Writ of Habeas Corpus.

7.      The State filed its State's Response to Defendant's Petition for Writ of Habeas Corpus (Post-Conviction) on June 29, 2010.  Appointed Counsel requested an

1    evidentiary hearing on this matter, the State did not agree, and on October 6, 2010 the
2    court set oral argument on whether or not to conduct an evidentiary hearing.  The
3    evidentiary hearing was set for February 28, 2011.  Throughout most of 2011, there were
4    various continuances of the evidentiary hearing by the parties.  Thereafter, on October
5    24, 2011, the court ordered that a "trial date" be set in this matter.  On April 13, 2012, the
6    evidentiary hearing was held and the court denied Petitioner's petition.  The court filed
7    its Findings of Fact, Conclusions of Law and Order on May 6, 2013.

8            8.      Appointed Counsel filed Appellant's Notice of Appeal on July 25, 2012
9    and the Case Appeal Statement on July 26, 2012 (Nevada Supreme Court Case No.
10   61362) (Exhibit 21 to Federal Writ - Docket Sheet).  Holden's opening brief was filed on
11   February 27, 2013.  The Nevada Supreme Court issued its Order of Affirmance on May
12   13, 2014 (Exhibit 23 to Federal Writ), and Remittitur issued on June 11, 2014.

13           9.      While a decision on Holden's appeal from the denial of his first state
14   Petition for Writ of Habeas Corpus (Nevada Supreme Court Case No. 61362) was still
15   pending, Holden filed a second Petition for Writ of Habeas Corpus with the 8th Judicial
16   District Court on April 26, 2013 ("Second State Writ") (Exhibit 24 to Federal Writ).
17   Holden raised a new ground based on new case law regarding plea negotiations and
18   defense counsel's duty to disclose all formal plea offers from the prosecution.  Defense
19   Counsel did not disclose the prosecution's offer of a plea to Holden which the State
20   claims it was given in Holden's companion case 04C202943.  In Case No. 04C202943,
21   Holden was convicted of Murder with the use of a Deadly Weapon (Count I),
22   Attempted Murder with the use of a Deadly Weapon (Count II), Conspiracy to Commit
23   Murder (Count III), and First Degree Kidnaping with use of a Deadly Weapon (Counts
24   IV and V) ("companion case").  The State's plea offer included both cases, the
25   companion case and this case, C200945.

26           10.     On July 24, 2013, the State filed its Renewed Response and Motion to
27   Dismiss Defendant's Petition for Writ of Habeas Corpus (Post-Conviction) in Light of
28   Evidence Produced at Companion Case Evidentiary Hearing (Exhibit 25 to Federal

Writ).  At the Status Check Hearing on July 31, 2013, the court ordered a briefing
schedule:  Holden's supplemental brief was due on or before October 30, 2013, State's
response due on or before January 6, 2014, and Holden's reply due on or before January
21, 2014, and the matter set for argument on January 29, 2014.  Appointed Counsel filed
her Reply to the State's  Renewed Response and Motion to Dismiss Defendant's Petition
for Writ of Habeas Corpus (Post-Conviction) in Light of Evidence Produced at
Companion Case Evidentiary Hearing on September 25, 2013 (Exhibit 26 to Federal
Writ).

An evidentiary hearing was held on January 29, 2014; the court granted
the State's Motion to Dismiss, stating that the petition was procedurally barred (Exhibit
27 to Federal Writ).  On March 28, 2014, Holden's Notice of Appeal and Case Appeal
Statement was filed with the Nevada Supreme Court (Case No. 65331) (Exhibit 28 to
Federal Writ - Docket Sheet).

11.   On April 22, 2014, a docketing statement was filed by Appointed Counsel
in Nevada Supreme Court Case No. 65331 (Exhibit 29 to Federal Writ).  The parties filed
a Stipulation to Extend Briefing Schedule on August 15, 2014, and the court filed its
Order granting the extension on August 22, 2014.  Appointed Counsel filed a Motion to
Consolidate or for Related Relief and a Request for Extension to File Opening Brief on
September 19, 2014.  The Nevada Supreme Court filed its Order denying the Motion to
Consolidate or for Related Relief and granted Appellant's Request for Extension of
Time to File Opening Brief on October 3, 2014.  As of this date, briefs have not been filed
in this case.

12.   On June 11, 2014, Holden filed a third Petition for Writ of Habeas Corpus
in the 8th Judicial District Court in Case No. 04C200945 (Exhibit 30 to Federal Writ)
("Third State Writ").  The sole ground for this petition was a new ruling by the United
States Supreme Court stating that "forensic reports that certify incriminating test results
are testimonial in nature and that their admission into evidence is a violation of the
confrontation clause."  The court also stated that "The accused's right is to be

4

confronted with the analyst who made the certification." On July 18, 2014, the State filed its Response and Motion to Dismiss Defendant's Pro Per Petition for Writ of Habeas Corpus and Opposition to Defendant's Pro Per Motion to Appoint Counsel.

13.   On August 13, 2014 at the hearing on the State's motion, the court ruled that Holden's Motion for Appointment of Counsel was granted for the limited purpose of addressing any new grounds in the successive petition, and the remaining motions were continued (Exhibit 31 to Federal Writ). Appointed Counsel, Karen Connolly withdrew as counsel of record on August 6, 2014. On August 20, 2014 at a status check hearing, the court appointed Holden new counsel, Kristina Wildeveld ("New Appointed Counsel").

14.   Holden's New Appointed Counsel filed a supplemental petition to his Petition for Writ of Habeas Corpus on October 1, 2014. On October 3, 2014 (Exhibit 32 to Federal Writ), the court set a briefing schedule, and an evidentiary hearing is set for February 28, 2015. This matter is still pending.

II.

ARGUMENT

**A Stay and Abeyance Procedure is Allowed in a Federal Court Mixed Writ Petition**

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. Picard v. Conner, 404 U.S. 270, 275 (1971) and Johnson v. Cain, 712 F.3d 227, 233 (5th Cir. 2013). To exhaust a claim, a petitioner must fairly present the claim to the highest state court and must give that court the opportunity to address and resolve the issue.   Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) and Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992).

Petitioner has two claims that have not been completely exhausted in state district court:

///

1                   (1) Petitioner's Third State Writ in the 8th Judicial District Court regarding

2 a new ruling by the United States Supreme Court stating that "forensic reports that

3 certify incriminating test results are testimonial in nature and that their admission into

4 evidence is a violation of the confrontation clause," and that "The accused's right is to

5 be confronted with the analyst who made the certification."  An evidentiary hearing

6 scheduled on this matter which is set for February 28, 2015; and

7                   (2) The appeal (Nevada Supreme Court Case No. 65331) of the 8th Judicial

8 District Court's ruling on Petitioner's Second State Writ regarding the issue of plea

9 negotiations and the failure of trial counsel to present the plea offer to Petitioner which

10 was presented to trial counsel by the prosecution in Petitioner's companion case

11 (04C202943).

12         Petitioner's Federal Writ is a mixed petition, containing both exhausted and

13 unexhausted claims (appeal from the denial of his Second State Writ, and a pending

14 evidentiary hearing on Petitioner's Third State Writ).  In Rose v. Lundy, 455 U.S. 509

15 (1982), the U.S. Supreme Court held that federal district courts may not adjudicate

16 mixed habeas petitions.  Rose, 455 U.S. at 518-19.  The Antiterrorism and Effective Death

17 Penalty Act ("AEDPA") preserved the total exhaustion requirement of Rose (see 28

18 U.S.C. §2254(b)(1)(A)), but also imposed a one-year statue of limitations on the filing of

19 federal habeas petitions (see 28 U.S.C. 2244(d)).

20         Because of the interplay between AEDPA's statute of limitations and the

21 dismissal requirement established in Rose, petitioners who present federal petitions to

22 federal court with "mixed" petitions run the risk of losing their opportunity for federal

23 review of their unexhausted claims.  Rhines v. Weber, 544 U.S. 269, 275 (2005) stating,

24 "If a petitioner files a timely but mixed petition in federal district court, and the district

25 court dismisses the petition under Rose after the statute of limitation under AEDPA

26 expired, this will likely mean the termination of any federal review."

27         To solve this problem, the court in Rhines condoned the "stay and abeyance"

28 procedure, whereby the district court, rather than dismiss the mixed petition, stays the

1  case and holds it in abeyance while the petitioner returns to state court to exhaust his

2  previously unexhausted claims.  Id. at 276.  In order to obtain a "stay and abeyance," a

3  petitioner must show: (1) good cause for failure to exhaust the claim in state court, (2)

4  that the unexhausted claims are potentially meritorious, and (3) the absence of abusive

5  tactics or intentional delay.  Id.: Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005).

6       Relying on Rhines, Petitioner requests this Court to stay the Federal Writ while

7  Petitioner exhausts his two state claims:

8       A.    The first unexhausted state claim (Petitioner's Third State Writ) which is

9  currently in the 8th Judicial District Court (04C200945) on the limited issue of timeliness

10  of first post-conviction counsel's, Karen Connolly ("Ms. Connolly")  failure to challenge

11  the State's use of an expert witness under the 6th Amendment Confrontation Clause or

12  object.  This legal issue was not available to Petitioner until recently and at the

13  conclusion of Ms. Connolly's representation of Petitioner, rendering Petitioner's Second

14  State Writ neither untimely nor successive.  The medical examination of the decedent

15  was performed by Dr. Ronald Knoblock, but because Dr. Knoblock retired prior to trial,

16  the State called as its witness, Dr. Alane Olson, the substitute coroner testifying on the

17  basis of an improper foundation.  On direct appeal, the claim was denied.  However,

18  trial counsel failed to object to Dr. Olson's testimony on the basis of the Confrontation

19  Clause.

20       In Petitioner's state post-conviction proceeding, this Confrontation Clause

21  violation was not raised by Ms. Connolly in her supplemental petition, even though she

22  should have raised it.   Despite Petitioner's desire to do so, Ms. Connolly failed to raise

23  this issue in her supplement pleading filed on July 12, 2013 and also in her Reply to

24  State's Renewed Response and Motion to Dismiss Defendant's Petition for Writ of

25  Habeas Corpus (Post-Conviction) in Light of Evidence Produced at Companion Case

26  Evidentiary Hearing on September 25, 2103.  Petitioner cannot now raise this violation

27  issue for this first time on appeal to the Nevada Supreme Court.

28  ///

The Nevada Supreme Court has held that "claims of ineffective assistance of counsel must be reviewed under the reasonably effective assistance standard articulated by the U.S. Supreme Court in Strickland, thus requiring the petitioner to show that counsel's assistance was deficient and that deficiency prejudiced the defense." Bennet v. State, 111 Nev. 1099, 1108; 901 P.2d 676, 682 (1995); Kirksey v. State, 112 Nev. 980, 987; 923 P.2d 1102, 1107 (1996).  NRS 174.234.2 requires that notice of a party's expert witness must be served on the opposing party no later than 21 days before trial.  While trial counsel noted the need to object to this evidence based on a lack of evidentiary foundation that a new coroner was testifying as to reports generated by a retired coroner, this case also presented an obvious Confrontation Clause challenge.

This issue is not procedurally barred based on time because it was not a viable claim until after the conclusion of the briefing in this matter, as Petitioner expressed his desire to challenge the State's use of the substitute coroner witness, but had to rely on Ms. Connolly to raise the matter.  Thus, the issue is not procedurally barred based on time, because it was not a viable claim until after all pleadings and argument were submitted in this matter.  The Findings of Fact, Conclusions of Law and Order were not decided and filed in the post-conviction matter until February 28, 2014, and the Notice of Entry of the Order was filed on March 3, 2014.  Therefore, the period in which Petitioner is required to raise this issue started from the Notice of Entry of Order as it pertains to the objective unreasonableness of post-conviction counsel, Ms. Connolly's performance.  Petitioner filed his proper person Third State Writ on June 11, 2014, after Ms. Connolly timely filed a Notice of Appeal of the state district court's denial on March 28, 2014.

B.     The second state claim is on appeal is currently in the Nevada Supreme Court as Case No. 65331).  This claim is for a plea offer not being presented to Petitioner by his trial counsel.

In Missouri v. Frye, 556 U.S. __, 132 S.Ct. 1399; 182 L.Ed.2d 379 (2012) and Lafler v. Cooper, 566 U.S.__; 132 S.Ct. 1376; 182 L.Ed.2d 398 (2012), the United States

1  Supreme Court held that the 6th Amendment right to ineffective assistance of counsel

2  extends to the consideration of plea offers that lapse or are rejected.  That right applies

3  to all stages of the criminal proceedings.  Id. See also Montejo v. Louisiana, 556 U.S. 778,

4  786; 129 S.Ct. 2079; 173 L.Ed.2d 955 (2009).  Petitioner alleges that his trial counsel did

5  not communicate a plea offer to him.  Because the claim provides Petitioner with at least

6  some chance of habeas relief, Petitioner's claim satisfies the "potentially meritorious"

7  standard in Rhines.

8       Also, there is no indication that Petitioner engaged in intentional dilatory

9  litigation tactics.  AEDPA and federal habeas laws are complex areas for practicing

10  attorneys , and can be impossible to navigate for laypersons.  In Pace v. DiGuglielmo,

11  544 U.S. 408, 416-17 (2005), where the Supreme Court acknowledged that a petitioner's

12  "reasonable confusion" about the timeliness of his federal petition would generally

13  constitute good cause for his failure to exhaust state remedies before filing his federal

14  petition.  Id. at 416-17.

15  **CONCLUSION**

16       Having met the requirements regarding the above unexhausted state claims,

17  Petitioner respectfully requests that this Court grant Petitioner's Motion for Stay and

18  Abeyance.

19

20  Dated: October 29, 2014                    /s
                                              JEFFREY S. BLANCK, ESQ.,
21                                            CJA Counsel for Petitioner

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on the 29th day of October, 2014, I am an

employee of the LAW OFFICE OF JEFFREY S. BLANCK, and that on this day, I caused

to be served a true and correct copy of the **MOTION FOR STAY AND ABEYANCE** by:


☐     U.S. Mail
☐     Facsimile Transmission
☐     Personal Service
☐     Hand Delivery
☐     Messenger Service
☒     CM/ECF Electronic Service
☐     Electronic Mail

addressed to the following:


Catherine Cortez-Masto
Nevada Attorney General's Office
100 N. Carson Street
Suite 3900
Carson City, Nevada 89701-4717
Email: usdcfilings@ag.nv.gov

Michael Bongard
Office of Attorney General
1539 Avenue F
Suite 2
Ely, Nevada 89301
Email: mbongard@ag.nv.gov


_____/s_____
GALE SANDERS