# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIM BASS HOLDEN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 2:14-cv-00894-APG-PAL

**ORDER**

    This habeas petition is before the court pursuant to petitioner's counseled motion for a stay in accordance with *Rhines v. Weber* and motion for leave and extension of time to file a second amended petition (Dkt. #s 14,15). Respondents have not opposed either motion.

    In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Petitioner acknowledges that two of his current federal claims are unexhausted (Dkt. #14, pp. 7-9). Respondents have not opposed the motion to stay the federal proceedings until the Nevada Supreme Court adjudicates his state postconviction claims. Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it. Specifically, petitioner alleges that he pursued the two unexhausted postconviction claims in state court when he learned of the bases for the claims. Accordingly, a stay and abeyance of this federal habeas corpus proceeding is appropriate. Further, the grounds of the federal petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of the *Rhines* test. Currently, the court has no indication that petitioner engaged in dilatory litigation tactics. This court thus concludes that petitioner has satisfied the criteria for a stay and abeyance under *Rhines*. Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

Petitioner's motion for leave and extension of time to file a second amended petition (Dkt. #15) is denied as moot. Petitioner, through counsel, will need to file a motion to re-open the case after his state postconviction proceedings have concluded. Further, petitioner shall file a motion to file a second amended petition and attach a proposed second amended petition. Such second amended petition shall

1  clearly and concisely set forth the factual basis for his claims, as well as demonstrate that the petition
2  is timely and that his claims are exhausted.

3      **IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance
4  (Dkt. #14) of this federal habeas corpus proceeding is **GRANTED.**

5      **IT IS FURTHER ORDERED** that petitioner's motion for leave to file a second amended
6  petition (Dkt. #15) is **DENIED** as moot.

7      **IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of
8  petitioner's postconviction habeas petition.

9      **IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning
10 to federal court with a motion to reopen the case within **forty-five (45) days** of the issuance of the
11 remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings on the
12 postconviction habeas petition.

13     **IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this
14 action, until such time as the court grants a motion to reopen the matter.

15     Dated: April 13, 2105.

                                          UNITED STATES DISTRICT JUDGE