**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JIM BASS HOLDEN, | Case No. 2:14-cv-00894-APG-PAL |
| Petitioner, | **ORDER** |
| v. | |
| STATE OF NEVADA, et al., | |
| Respondents. | |

This counseled, first-amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss (ECF No. 25). Petitioner Jim Bass Holden opposed (ECF No. 29), and respondents replied (ECF No. 30).

**Procedural History & Background**

On May 11, 2006, a jury convicted Holden of count 1: burglary while in possession of a firearm; count 2: conspiracy to commit murder; count 3: extortionate collection of debt; and count 4: first-degree murder with use of a deadly weapon (exhibit 13).[1] The state district court sentenced Holden as follows: count 1 – 24 to 120 months; count 2 – 24 to 120 months, concurrent with count 1; count 3 – 21 to 48 months, concurrent with counts 1 and 2; count 4 – life without the possibility of parole plus an equal and consecutive term of life without the possibility of parole for use of the deadly weapon, concurrent with counts 1, 2, and 3 and consecutive to case nos. C202943 and C214716. Exh. 1. Judgment of conviction was entered on June 15, 2006. *Id.*

---
[1] Exhibits referenced in this order are found at ECF Nos. 16 and 25.

1

The Nevada Supreme Court affirmed the convictions on October 17, 2007, and remittitur issued on June 2, 2004. Exhs 17, 69.

Holden filed a state postconviction habeas corpus petition, and the state district court appointed counsel. Exhs. 71, 73. The state district court conducted an evidentiary hearing and subsequently denied the petition. Exhs. 75-78. The Nevada Supreme Court affirmed the denial on May 13, 2014, and remittitur issued on June 24, 2014. Exhs. 23, 85. Holden filed a second state postconviction petition, which the Nevada Supreme Court denied on June 10, 2015. Case No. 65331. Remittitur issued on July 6, 2015. *Id.*

Holden dispatched his federal habeas petition for filing on May 27, 2014 (ECF No. 7). The court appointed counsel, and Holden filed a counseled, first-amended petition (ECF No. 16). On April 13, 2015, the court granted Holden's motion for a stay pending final resolution of his state-court proceedings (ECF No. 17). On February 3, 2017, the court granted Holden's motion to reopen the case (ECF No. 23).

Respondents now argue that several grounds are subject to dismissal as unexhausted (ECF No. 25).

**Legal Standards & Analysis**

### Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the court so the State; or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to

2

the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The

exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Grounds III (C) and III (D)**

Holden argues that his Fourteenth Amendment due process rights were violated (C) when the trial court took judicial notice that Vanessa Pena, the only eyewitness, identified Holden's co-conspirator in a prior proceeding and (D) when the trial court allowed testimony -- without proper foundation -- of Dr. Olson, a Clark County Coroner's office medical examiner who did not perform the autopsy (ECF No. 16, pp. 14-16).[2]

On direct appeal, Holden presented both of these claims. Exh. 16., pp. 18-19. Respondents are correct that Holden cited to Nevada state statutes and state caselaw. However, this court concludes that Holden fairly presented the federal due process claims in grounds III (C) and III (D). These grounds are, therefore, exhausted.

**Ground IV (C)**

Holden claims that trial counsel rendered ineffective assistance in violation of his Sixth Amendment rights when he failed to request a limiting instruction prior to the introduction of the journal's other bad act evidence (ECF No. 16, p. 18). Holden also argues that appellate counsel was ineffective because he failed to argue on direct appeal that the trial court erred in admitting the journal's bad act evidence. *Id.*

---

[2] The court is utterly baffled by the way the respondents have labeled petitioner's grounds for relief in their motion to dismiss. Grounds III (A) through (D) set forth claims of trial court error (ECF No. 16). Grounds IV (A) through (J) set forth claims of ineffective assistance of trial and/or appellate counsel. *Id.* This court refers to the grounds as such. While respondents state that they also challenge "ground 5," no ground 5 is set forth in the amended petition.

4

Holden presented these claims to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition. Exh. 22; *see also* exh. 23. Ground IV (C) is, therefore, exhausted.

**Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** following the date of entry of this order within which to file an answer to the first-amended petition.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** following service of the answer to file and serve petitioner's reply, if any.

DATED: 22 January 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE