# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JIM BASS HOLDEN,

Petitioner

v.

ISIDRO BACA, et al.,

Respondents

Case No.: 2:14-cv-00894-APG-PAL

**ORDER GRANTING, IN PART, THE RESPONDENTS' MOTION TO DISMISS**

[ECF No. 44]

The respondents move to dismiss petitioner Jim Bass Holden's third-amended petition. ECF No. 44. I will grant that motion in part.

**I.     Brief Procedural History and Background**

On May 11, 2006, a jury convicted Holden of count 1: burglary while in possession of a firearm; count 2: conspiracy to commit murder; count 3: extortionate collection of debt; and count 4: first-degree murder with use of a deadly weapon. Exhibit 13.[1] The state district court sentenced Holden as follows: count 1 – 24 to 120 months; count 2 – 24 to 120 months, concurrent with count 1; count 3 – 21 to 48 months, concurrent with counts 1 and 2; count 4 – life without the possibility of parole plus an equal and consecutive term of life without the possibility of parole for use of the deadly weapon, concurrent with counts 1, 2, and 3 and consecutive to case nos. *See* Exh. 1 (C202943 and C214716). Judgment of conviction was entered on June 15, 2006. *Id*.

The Supreme Court of Nevada affirmed the convictions on October 17, 2007, and remittitur issued on November 13, 2007. Exhs 17, 69.

---
[1] Exhibits referenced in this order are found at ECF Nos. 16, 25, 37, 40-43, 45.

Holden filed a state postconviction habeas corpus petition, and the state district court appointed counsel. Exhs. 71, 73. The state district court conducted an evidentiary hearing and subsequently denied the petition. Exhs. 75-78. The Supreme Court of Nevada affirmed the denial on May 13, 2014, and remittitur issued on June 24, 2014. Exhs. 23, 85. Holden filed a second state postconviction petition, which the Supreme Court of Nevada denied on June 10, 2015. *See* Case No. 65331. Remittitur issued on July 6, 2015. *Id*.

Holden dispatched his federal habeas petition for filing on May 27, 2014. ECF No. 7. I appointed counsel, and Holden filed a counseled, first-amended petition. ECF No. 16. On April 13, 2015, I granted Holden's motion for a stay pending final resolution of his state-court proceedings. ECF No. 17. On February 3, 2017, I granted Holden's motion to reopen the case. ECF No. 23. Ultimately, on May 14, 2018, Holden filed a third-amended petition. ECF No. 39. The respondents move to dismiss several claims in the third-amended petition as untimely, noncognizable, or unexhausted. ECF No. 44.

**II.   Legal Standards and Analysis**

    **a. Claims Cognizable in Federal Habeas Corpus**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

**Grounds 16(C) and 17(C)**

Holden claims that his state postconviction counsel was ineffective for failing to raise claims related to the testimony of both coroner Alane Olson (Ground 16(C)) and State's witness inmate Steven Hall (Ground 17(C)). ECF No. 39, pp. 40-45.[2] There is no federal constitutional right to the effective assistance of counsel in state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *Smith v. Idaho*, 383 F.3d 934, 939 (9th Cir. 2004). The Supreme Court of the United States has established an equitable exception to the procedural default doctrine based upon ineffective assistance of postconviction counsel. *Martinez v. Ryan*, 566 U.S. at 1, 14 (2012). However, there remains no freestanding constitutional right to effective assistance of counsel in postconviction proceedings. Accordingly, grounds 16(C) and 17(C) – even assuming that the claims are timely—are dismissed as noncognizable in federal habeas corpus.

**b. Relation Back**

The respondents argue that several grounds in Holden's third-amended petition do not relate back to a timely filed petition and should thus be dismissed as untimely. ECF No. 44, pp. 14-16. The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996 and imposes a one-year limitation period on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the limitation period. 28 U.S.C. § 2244(d)(2).

---

[2] The respondents separated grounds 16 and 17 into subparts; the court follows their delineation.

A new claim in an amended petition that is filed after the expiration of the AEDPA one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure. The claim must arise out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims challenge the same trial, conviction, or sentence. *Id*. at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id*. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 658 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the Supreme Court of Nevada affirmed Holden's convictions on October 17, 2007. Exh. 17. Holden did not seek a writ of certiorari, and therefore his conviction became final 90 days later, on January 15, 2008. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009) (conviction final when Supreme Court denies petition for writ of certiorari, or when time to seek writ expires); *see also* Sup. Ct. R. 13(1). Holden filed his initial state habeas petition 221 days later, on August 23, 2008. Exhs. 18-1 through 18-4. The limitation period resumed running on June 11, 2014, when the Supreme Court of Nevada issued the remittitur after affirming the denial of Holden's state habeas corpus petition. ECF No. 25-54. When Holden filed his first-amended

4

federal habeas petition, on October 29, 2014 (ECF No. 16), four days remained of the limitation period. The limitation period expired on November 2, 2014. Accordingly, the third-amended petition, filed on May 14, 2018, is untimely unless the claims asserted in it relate back to Holden's original, pro se petition or first-amended petition. The respondents argue that grounds 15 through 18 are untimely. ECF No. 44, pp. 14-16.

**Ground 15**

Holden asserts that his counsel was ineffective for failing to fully communicate a plea offer to him. ECF No. 39, p. 39. In his pro se petition, Holden answered question 7 – whether he had any matters pending in any court challenging the same judgment of conviction – by stating "N.V. Supreme Court separate appeal on trial attorney failing to advise me of plea negotiations." ECF No. 7, p. 2. Holden set forth 12 grounds in the proper section of the form alleging that his conviction violated his federal constitutional rights. He did not include a ground asserting that trial counsel was ineffective for failing to fully communicate a plea offer. His answer to question 7 is not sufficient to set forth a ground for federal habeas relief. Ground 15 does not relate back to a timely-filed claim and therefore is dismissed.

**Ground 16(B)**

Holden argues that his counsel was ineffective for failing to object to the testimony of coroner Alane Olson, who was not the coroner who performed the autopsy of the victim. ECF No. 39, pp. 40-41. Holden raised claims in his original and first-amended petitions alleging that the trial court erred in allowing Olson's testimony without proper foundation, which violated his Fourteenth Amendment due process rights. ECF No. 7, p. 9; ECF No. 16, p. 15. However, a Sixth Amendment claim based on what trial counsel allegedly failed to do is different in type

from a claim based on alleged trial court error. *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012). Ground 16(B) does not relate back and is thus untimely.

**Ground 17(A) & (B)**

In ground 17(A) of the third-amended petition, Holden contends that state prosecutors violated his Sixth Amendment right to counsel through their use of inmate-informant Steven Hall as a witness, who they placed in Holden's cell after Hall offered to cooperate with the State. Hall encouraged Holden to write a journal; Holden left Hall the journal after Hall told Holden he would use it to help Holden. ECF No. 39, pp. 41-45. In ground 17(B), Holden asserts that trial counsel was ineffective for failing to raise this issue. *Id*.

In his original petition, Holden asserted that his trial counsel was ineffective for failing to challenge the State's use of the known informant who was placed in Holden's cell after he made a deal with the State and who had Holden write a journal. ECF No. 7, pp. 13, 19. Ground 17(B) relates back to this ineffective assistance of counsel claim that Holden raised in his original petition. However, Holden did not raise in a timely-filed petition the claim that the State violated his Sixth Amendment right to counsel by placing Hall in his cell after Hall made a deal with the State. Thus, ground 17(A) does not relate back and is untimely.

### c. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the

opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence that place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982).

**Ground 18**

Holden argues that the cumulative effect of constitutional errors violated his Fifth and Fourteenth Amendment due process rights. ECF No. 39, pp. 45-46. To the extent that this ground includes a claim of cumulative error due to ineffective assistance of trial and appellate counsel, it is duplicative of ground 14. *Id*. at 38-39. The parties do not dispute that Holden did not present to the highest state court the portion of ground 18 that claims cumulative error based on substantive error. *Id*. at 45-46; ECF No. 44, p. 17. The claim of cumulative error based on

substantive error in ground 18 is therefore unexhausted. *See Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008).

**III.     Petitioner's Options Regarding Unexhausted Claim**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the present case, grounds 16(C) and 17(C) are dismissed as noncognizable in federal habeas; grounds 15, 16(B), and 17(A) are dismissed as untimely; and ground 18 is unexhausted. Because the petition contains an unexhausted claim, Holden has these options:

> 1.     He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2.     He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or
>
> 3.     He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.[3]

With respect to the third option, I have discretion whether to grant or deny a request to stay a petition that I may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to

---

[3] In his opposition to the motion to dismiss, Holden asks that if I conclude that any claims are unexhausted, he be given leave to delete those unexhausted claims. ECF No. 48, p. 22. Out of an abundance of caution, I have set out Holden's options regarding unexhausted claims. If Holden intends to abandon ground 18, he must file a declaration voluntarily abandoning it.

8

> exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Holden wishes to ask for a stay, he must file a motion for stay and abeyance. That motion must demonstrate both good cause for Holden's failure to exhaust his unexhausted claim in state court and that the unexhausted claim is not plainly meritless. The respondents would then be granted an opportunity to respond, and Holden could file a reply. Or, Holden may file a declaration voluntarily abandoning his unexhausted claim, as described above.

If Holden fails to choose any of the three options listed above, or to seek other appropriate relief from this court, his federal habeas petition will be dismissed. Holden is advised to familiarize himself with the limitation periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitation periods may have a direct and substantial effect on the choice he makes regarding his petition.

## IV. Conclusion

IT IS THEREFORE ORDERED that the respondents' motion to dismiss **(ECF No. 44) is GRANTED** as follows:

Grounds 15, 16(B), 16(C), 17(A), and 17(C) are DISMISSED as set forth in this order.

Ground 18 is UNEXHAUSTED.

IT IS FURTHER ORDERED that **Holden shall have 30 days to either**: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; **OR**

(2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR** (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If Holden chooses to file a motion for a stay and abeyance, or seek other appropriate relief, the respondents may respond to that as provided in Local Rule 7-2.

IT IS FURTHER ORDERED that if Holden elects to abandon his unexhausted ground, the respondents will have 30 days from the date Holden serves his declaration of abandonment in which to file an answer to the remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. Holden will have 30 days following service of the respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that if Holden fails to respond to this order within the time permitted, as described above, this case may be dismissed.

Dated: March 7, 2019

_____
Andrew P. Gordon
United States District Judge