UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIM BASS HOLDEN,<br><br>    Petitioner<br><br>v.<br><br>ISIDRO BACA, et al.,<br><br>    Respondents | Case No.: 2:14-cv-00894-APG-PAL<br><br>**ORDER** |

On June 29, 2020, I denied the remaining claims in Jim Bass Holden's third petition on the merits and judgment was entered. ECF Nos. 62, 63. The Ninth Circuit Court of Appeals denied his request for a certificate of appealability, and the Supreme Court of the United States denied his petition for a writ of certiorari. ECF Nos. 69, 76. Holden now moves for reconsideration and to vacate and set aside his sentence. ECF Nos. 73, 77. As discussed below, the motions are denied.

**I.    Pro Se Motions While Represented by Counsel**

First, the respondents are correct that Holden is currently represented by counsel. A party who has counsel may not file motions or documents pro se. LR IA 116-(a). Holden filed the two motions pro se; therefore, they are subject to dismissal as fugitive documents. The motions are also subject to dismissal on the merits.

**II.   Motion for Reconsideration**

The Federal Rules of Civil Procedure permit the filing of a motion seeking alteration or amendment of a judgement. Fed. R. Civ. Proc. 59(a). But the motion must be filed within 28 days after entry of judgment. Fed. R. Civ. Proc. 59(e).

Rule 60(b) permits filing of a motion for relief based upon mistake, inadvertence, surprise, or excusable neglect. Such a motion must be filed within "a reasonable time," and in cases of mistake, newly discovered evidence, or fraud, within "no more than a year after entry of judgment." Fed. R. Civ. Proc.60(b).

In Holden's motion for reconsideration, he states that in my order on the motion to dismiss, I concluded that ground 17B related back to an earlier, timely-filed claim and therefore was timely. ECF No. 73. Ground 17B was the claim that his trial counsel was ineffective for failing to challenge prosecutors' use of a certain inmate-informant. ECF No. 39, pp. 41-45. Holden says the court subsequently, in the merits disposition, stated that ground 17B does not relate back and was procedurally barred. *Id*.

However, Holden misrepresents or confuses my merits order. He had not presented federal ground 17B to the highest state court, thus it was unexhausted. See ECF No. 62, pp. 28-32. He acknowledged that if he attempted to exhaust the claim in state court those courts would find his petition untimely and successive under Nevada Revised Statutes §§ 34.726 and 34.810. *Id*. Thus, he urged me to deem the claim "technically exhausted" but argued that he could demonstrate good cause and actual prejudice to excuse the procedural default that would have occurred had he returned to state court with the claim. He argued that his claim could be heard in federal court under the narrow exception created in *Martinez v. Ryan*.[1] I analyzed the claim under *Martinez* but determined that *Martinez* did not apply because though the claim had not been presented to the highest state court, it had been raised during the initial collateral review

---

[1] 566 U.S. 1 (2012). In *Martinez*, the Court held that a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

proceedings.[2] Holden failed to demonstrate cause and prejudice so I dismissed ground 17B as procedurally barred. Holden's rationale for reconsideration is based on him misstating the conclusions in my two orders. The motion, accordingly, is denied.

### III. Motion to Vacate and Set Aside Sentence

Holden also filed what he styled as a motion to vacate and set aside his sentence. ECF No. 77. I agree with the respondents that this motion sets forth substantive habeas claims. Thus, it is a second and successive federal petition. Holden must get authorization from the federal appeals court to file such a petition in federal district court. *See* 28 U.S.C. § 2244(b). Thus, I deny the motion.

### IV. Conclusion

I THEREFORE ORDER that the motion for reconsideration and motion to vacate and set aside sentence **(ECF Nos. 73 and 77) are both DENIED**.

I FURTHER ORDER that a certificate of appealability is denied.

I FURTHER ORDER that Holden's counsel's motion to withdraw as attorney **(ECF No. 80) is GRANTED**. Theresa A. Ristenpart **is released as counsel**.

I FURTHER ORDER that the respondents' motion to relieve them from responding to future pro se pleadings **(ECF No. 79) is GRANTED**. The respondents need not respond to any future pleadings filed by Holden in this case unless ordered to do so.

Dated: October 22, 2021

_____
U.S. District Judge Andrew P. Gordon

---

[2] *Id*. at 10-11.